IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FRED COHEN, Executor of the Estates of
DENNIS ALAN O'NEAL and DEBRA
DEE O'NEAL,

        *Plaintiff*,

        v.                            No. 1:20-cv-00487-SB

CONTINENTAL MOTORS, INC. and
JOHN DOE 1-50,

        *Defendants*.

---

Brian E. Farnan, Michael J. Farnan, FARNAN LLP, Wilmington, Delaware; Michael S. Miska, WOLK LAW FIRM, Philadelphia, Pennsylvania.

        *Counsel for Plaintiff.*

Andrea S. Brooks, Julie M. O'Dell, WILKS, LUKOFF & BRACEGRIDLE, LLC, Wilmington, Delaware; Sherri R. Ginger, Lacey D. Smith, ARMBRECHT JACKSON LLP, Mobile, Alabama.

        *Counsel for Defendants.*

---

## MEMORANDUM OPINION

February 18, 2021

BIBAS, *Circuit Judge*, sitting by designation.

This is a wrongful-death suit stemming from a deadly plane crash in North Carolina. The defendant, Continental Motors Inc., built the plane's engine. Because the suit is not yet ripe, I will dismiss it without prejudice.

Cohen first sued Continental in North Carolina. Compl., D.I. 1, ¶ 43. But in March 2020, the North Carolina court dismissed his claims, ruling that it lacked jurisdiction over Continental. *Id.* ¶ 44–45. Cohen appealed, and his appeal is still pending. D.I. 17, at 2. Meanwhile, he sued Continental here.

In Delaware, plaintiffs must sue for wrongful death within two years. 10 Del. C. § 8107. Plus, if a timely suit is dismissed on procedural grounds—by a Delaware court or by any other—the plaintiff gets one year to refile the case, even if the limitations period has ended. 10 Del. C. § 8118; *Leavy v. Saunders*, 319 A.2d 44, 48 (Del. Super. Ct. 1974). Cohen filed this suit seven years after the crash, so § 8107 would normally bar his claim. But he argues that § 8118 saves it.

I disagree. Under § 8118, the one-year period to refile starts only after the previous dismissal becomes final and cannot be appealed any further. *Puig v. Seminole Night Club, LLC*, 2011 WL 3275948, at *4–5 (Del. Ch. July 29, 2011) (citing *Gosnell v. Whetsel*, 198 A.2d 924, 926 (Del. 1964)). Until then, "[§ 8118] is not applicable." *Id.* at *5. Cohen is still appealing the North Carolina dismissal. So while he has sued too late to rely on § 8107, he has sued too early to rely on § 8118. *Id.*

But if Cohen loses the North Carolina appeal, then he might be able to rely on § 8118. *Id.* So I will dismiss his claims without prejudice.